Your Honor, this case is adopted 2-18-0188, Bush Bank National Trust Company, et al., Plaintiff Appellee, v. Stevens, et al., Defendant's Accountant. Consolidated with Case 2-18-0330, Bush Bank National Trust Company, et al., Plaintiff Appellee, v. Napoleon Araujo, Defendant's Accountant. Arguing on behalf of the Defendant's Accountants, Ms. Carla Shereves. Arguing on behalf of Plaintiff Appellee, Ms. Emily A. Jansen. Arguing on behalf of Plaintiff Appellee also, Mr. Todd A. Gale. Ms. Shereves. Good morning, Justices. Good morning, Counsel. May it please the Court. Carla Shereves here on behalf of the Petitioners. The issue before the Court this morning is whether the Circuit Court erred when it granted Plaintiff's Motion to Dismiss Defendant's Petition to Quash, Section 214-01, Petition to Quash, where the record was devoid of any evidence that the Third Court mailed a Notice of Publication to the Defendant's Address that was stated on the Affidavit for Service by Publication. One of the first arguments that is raised in the briefs of the Respondent is that the Petitioner was required to file an Affidavit supporting the Petition to Quash. Counsel, if I could just interrupt for a minute. If we agree with you and your position, what would the effect be? What relief are you asking and what difference would it make? Okay. So the Petitioner's position is that the orders that were entered in the Circuit Court were, in fact, void. And I think it's – I mean, any defendant or party is entitled to have a void order vacated against them. Well, is this not moot? I mean, the property has been sold. Others own the property. Deutsche Bank, at least in one of the cases, has been fully paid what the Petitioner owed. What effect did this – does this judgment have now on the Petitioners? Okay. So Section 1401E provides that the vacature or modification of a judgment would not affect a third party who was not a party to the judgment and who has since acquired title to the property. However, it does – that does not mean that there is not a controversy or there is not a live dispute between the plaintiff. The plaintiff is the one who transferred the property if, in fact, it did not have – it did not see to it that the court had proper jurisdiction over the defendant in the underlying case. Are you saying you have a cause of action against someone? Against the bank, against the plaintiff for having alienated the property without the court having acquired personal jurisdiction over the defendant. So because in one of the cases in the – in the studies matter, we did have a third party who came in the case and that – the third parties were dismissed from the litigation because they raised a claim of adverse possession. But based on 1401, it does not preclude a party from filing a 1401 petition if, in fact – for example, 1401 talks about if the lack of jurisdiction is apparent or not apparent on the face of the record. That only affects the rights of third parties who are not parties to the litigation. That does not preclude the defendant from seeking redress against the plaintiff. And what would be that redress? What's the possible remedy? Well, I believe that that is something that would require an evidentiary hearing with the circuit court after if, in fact, the petition to quash is granted. Well, what's the relief that was requested in the 214-01 petition? So the 214-01 petitions, as they were amended in this case, sought only to vacate the judgment of foreclosure and it just has a cashout provision to provide any further relief the court deems just and equitable. Those were the only two requests that were asked for in the amended petition. Let's go to the substance of your argument. In page 11 of your brief, you say the absence of the certificate is evidence that the notice was not sent. Right. Have you ever heard the coined phrase of one of our colleagues? Have you ever heard the phrase, the absence of evidence is not evidence of absence? Have you ever heard that? I have heard that phrase, Your Honor. But I think the Thormeyer case that was cited in my decision and also the Payton v. People case and there's also the Eddy v. Eddy case. Those cases stand for the proposition that the certificate of mail or proof that the notice of publication was mailed to the defendant is required, must affirmatively appear in the record. Neither party in the briefs, in your briefs, and I think plaintiffs noted in one of the briefs, no one provided us with the text of the statutes, the ancient statutes cited in Thormeyer, the Drainage Act and the Attachment Act. They're not cited. We don't have the text. That is correct, Judge. Why not? It's not within the text. You're the appellant. But, Judge. We found, when I say we, collectively the court with our studio's clerks found the text. Why can't the parties find the text? You're the appellant. Judge, I don't think the text itself was necessary because the opinion, even though it did not recite word for word the language from the statute that they were using, but the very same requirements that were in Thormeyer's case is almost identical to what's required under 2206. The requirements were there had to be publication in a newspaper for a representative period of time. The clerk had to mail a notice of the publication to the defendant within 10 days after the first service. And then the statute goes on to state that the certificate of the clerk that he or she had done so is evidence that the mailing was performed. So it is literally identical to what is required under 2206. And in that case, because the notice of publication, the certificate of the clerk, evidencing that the notice of publication was not in the record, the court in that case found that service was improper. I also cite it to In Re Marriage of Wilson. That case also held the same way because the record was devoid of any evidence that the clerk did, in fact, mail the notice of publication. Let me ask you this. You rely extensively on Thormeyer in your brief. Thormeyer did not quote Section 22 but seemed to paraphrase it. And you don't have the actual language. So if not, how can you confidently compare Section 2206 to the language of the acted issue in Thormeyer? Because, Judge, in the course analysis of the statute, the court went through what was required to prove service by publication, and then the court stated why publication was not effective because what was lacking. And as I pointed out before, the statute there, even though it's not stated verbatim, but it had the very same requirements as to what is needed for the party to establish that the court had, in fact, acquired jurisdiction over the defendant by publication. Well, the statute in the Old Attachments Act said shall be evidence of the fact that the certificate of notice shall be evidence of that fact. 2206A says is evidence of that fact. So does is evidence of that fact mean there could be other evidence adduced in some other fashion, whereas shall be evidence tells us that under Thormeyer that that must be in the record? So I believe, Judge, there has to be some form of evidence. The contention is not, well, this is the only form of evidence, but there has to be some type of evidence in the record establishing that the notice was mailed. Maybe it could be a live test or something, but there had to be something. There has to be something in the record affirmatively showing that the clerk, in fact, mailed a notice of publication. How do we know here that there wasn't such evidence? Because in other cases that I've reviewed and that I've seen, the way how it is established that service grant publication was proper is the actual inclusion in the record of the clerk's certificate of mailing. Right, but you just said there could be testimony, there could be other evidence. Right, but it doesn't show on the record, Your Honor. There is no evidence.  Your Honor, you claim the record consists that there's no evidence that the clerk mailed a copy of the notice of publication as required by 2206, but we don't have the whole record. For instance, we do not have the report of proceedings from the hearings on the motion for default judgment of foreclosure, correct? There are no transcripts. We don't have the transcripts. There is not. What do you mean? Okay, so. You didn't order them? Pardon, Judge? You didn't order them? No, I did not order the transcripts. And that goes to my other point in my brief, is that it is the plaintiff's burden to prove that they, in fact, adhere to all the steps and all the requirements for service grant publication. The case law specifies that it is a person who is defending against a challenge to service grant publication. Well, wait, wait, wait, wait. I mean, the trial court pointed out in its ruling that if I was looking at this as a motion to quash before judgment was entered, then you're absolutely correct. But we're not looking at that in that fashion. Now, in the trial court, you had filed a 214-01 petition, so the burden going forward with the evidence is on you. And now, on appeal, the burden of presenting us with a complete record in order to sustain your arguments is on you, correct? That is generally correct, yes, Your Honor. Generally correct. Are you saying in this situation it's an exception? I do know that the court did state in the lower court, which is why I'm here, because I disagree with the court's ruling in the lower court that it is not the plaintiff's burden to prove that service grant publication was effectuated. Because if for a defendant or anyone who's looking on the record, what proof, what evidence is there in the record to show that when the plaintiff, in fact, had judgment entered against the defendant by service grant publication, what is the proof in the record to establish affirmatively that all the steps that plaintiff should have taken were, in fact, taken in the lower court? Well, if more than one type of proof was allowed, and not just a certificate by the clerk, and we don't have the transcripts, how do we know there wasn't testimony to that effect? Well, then, Judge, I assume if Your Honors find that somehow this should have been disposed of at an evidentiary hearing, then that is something where proofs can be presented, and then the right thing would be to remand the case for that to be done. But based on the record as it stands, there was no proof, and I do understand what the court held, but it is my position that, and there was a recent case, I don't believe it was stated in the brief, but in the state bank of Lake Zurich versus Still, the court says, because the court does not acquire jurisdiction by a mere recital contrary to what is shown in the record, the intervener's argument that jurisdictional bindings in a collateral proceeding must be regarded as conclusive in binding upon all parties to the record is, therefore, without merit. Which case is that? State bank of Lake Zurich versus Still. It's a Supreme Court case from 1986. So, I mean, because what we have here from the 9-1208 judgment of foreclosure, the trial court made specific findings that publication was provided by law, correct? That is stated in judgment, and if I may interject, Judge, I believe in my experience in almost all judgment of foreclosures that there is a conclusion, a conclusory statement in these judgment of foreclosures that the court had jurisdiction. As the court noted in Eddy versus Eddy, it's almost, it is a conclusion of law, and it's just based on the premise that the court is making findings, so there's usually, always, especially in foreclosure cases, a statement within the judgment of foreclosure or the order proving seal stating that the court had jurisdiction over the parties, but there was no, usually there's no actual finding of fact that the court, in fact, had jurisdiction. It's usually just a conclusory statement of law that is usually found in the judgment of foreclosure. Well, this is a finding of fact. This is, finds that each of the defendants in the cause has been duly and properly brought before the court by publication in a manner provided by law. How's that not a finding of fact? And as I stated, Judge, it is my, based on my experience with practice and in the lower court, the plaintiffs prepare these orders and the courts just sign them. There is usually never actual finding of fact. We can't rely on these things anymore. Pardon? We can't rely on these findings of fact anymore from trial court judges when they sign orders. We just can't rely on their orders anymore. But based on this, as I just cited, that Supreme Court case, a simple recitation in a judgment saying that the court, in fact, had jurisdiction, unless there is something else in the record to show that there was some type of evidentiary hearing or factual finding. Oh, I agree with that. I agree with Phil. I agree with that. Because if it's, if the finding is contrary to what is shown in the record, then you cannot rely on the finding. I understand that. Right. But the issue in this case is what has been shown in the record? If we don't, the finding was made based upon something. Now, because the certificate of mailing isn't in the court file, does that mean that it wasn't there sitting in front of the judge the day the judge made the finding? Does it mean that there wasn't testimony about the mailing? I mean, we just don't know unless we have a transcript or a substitute from that day to show, again, contrary to what is shown in the record. To follow up on that point, go ahead. You can respond to that. I have a follow-up question. Okay. But as I stated, in the cases that I've cited, that I've cited before, especially the Inmarie Marriage of Wilson case, right, I think the court specifically, I didn't read in the briefs, I mean, not the briefs, but the opinion of the court, there was no indication that the court, that there was any evidentiary hearing or anything as that. The argument that was raised by the respondent, by the husband, was that there is no certificate of mail in the record. And just based on that allegation alone, the court found in that case that service by publication was improper. What was the name of that case? Inmarie Marriage of Wilson. You mentioned what's not in the record or what's in the record. With respect to the record, in Thornmire, the Supreme Court examined the record to see if there was anything in the recitals of the record of the judgment that shows proof was made in the court below that such notice was addressed to the defendants at their place of residence. As disclosed within 10 days after the first publication or at any other time. So, if the certificate was mandatory, why did the Supreme Court go on and examine the record for other proof? Do you understand the point? Right. And that's what I said, Judge. I didn't say, as I stated before, I'm not saying that there couldn't be some other piece of document or evidence that was submitted in the court to establish that the certificate, that the notice was in fact mail. I'm saying that if we're all actually making inferences, it is just not there. Under Fauch, it's not just an inference, it's a presumption that we must follow. Under Fauch v. O'Brien, that in the absence of a complete record, an adequate record, we must presume the orders entered by the court were in conformity with the law and had a sufficient factual basis. That is a presumption, not an inference. We have an obligation to follow it. And in this case, you have the affidavit that notice was sent, and you also have publication. So, you're saying that there's no evidence, the certificate is mandatory, but the Supreme Court said in Thornmire, we examine the record for any other evidence of proof. Do you understand the point? Right. You examine the record. And if you were to examine the record of this case, Your Honor, then you would find the same thing, that there is no evidence that the notice of publication was mailed, which is our very position, it does not have any, there's nothing in the record, no certificate of mailing, no other document or evidence to establish that the notice was in fact mailed to the defendant. What about the affidavit to allow service by publication pursuant to Section 735 ILCS 5-206, as well as the proof that there was publication? So, the affidavit to allow service by publication is basically attesting to the court why is it necessary to serve by publication. Right. And that they've complied with the act. So, you're saying that the bank should be held responsible for an oversight by the clerk by not including the certificate in the record. Right. Not necessarily, because it is the plaintiff's duty to follow its case. The plaintiff is the master of its case, and the plaintiff is the one who's asking the court to have judgments entered against the defendant by publication. So, it is the plaintiff's duty to ensure that each of the steps that is required for service by publication are in fact done. That would be a fine argument if we were in a trial court and you were at a hearing on the issues, but this was a hearing that was held, the defendant was held in default, it was a judgment, and it was a finding by the trial court that it had jurisdiction. And as I stated, Judge, as the court noted in Eddy v. Eddy, these recitation in the order that the court had jurisdiction, these are usually conclusions of law, absent an actual showing that it was a finding of fact as to whether or not the plaintiff or the certificate of mail was actually included in the record or that the clerk in fact mailed the notice. Thank you. You'll have time on rebuttal. Okay. I know, Justices, that there were some other arguments that were raised, but I don't need an argument. Do you want to wrap up or address some other issue? You'll have time on rebuttal. Okay. Because there were some additional arguments that were raised in one of the briefs. You didn't file a reply. I did not. You'll have an opportunity for rebuttal. Okay. All right. Thanks, Your Honor. Ms. Jansen? Good morning. May it please the Court? I want to start by addressing Judge Zenoff's question about mootness. As counsel indicated, under 1401e, the only way that they can avoid mootness is if a defect in jurisdiction was apparent from the record. We do not believe that there is a defect apparent from the record. That does overlap in this case with the merits of their argument because whether it's their 1401 petition or in addressing a mootness challenge, their argument is that the absence of the certificate of the mailing in and of itself creates a defect on the face of the record. Thank you. As Judge Burkett noted, the absence of evidence is not evidence of absence, and the Illinois Supreme Court agreed in People v. Carter. In that case, it was a different context. It was service by certified mail under Supreme Court Rule 105, but the rationale is the same in this case. In Carter, the Court said, yes, the return receipt for a certified mailing or registered mailing is sufficient to prove that that service was mailed by that method. But simply the fact that the return receipt was not included in the record wasn't sufficient to demonstrate that service was improper, precisely because, as Justice Burkett noted, the absence of that evidence does not prove it's not evidence that that type of service was absent. The trial court in this case dismissed the 1401 petitions based on a lack of affidavits. As you noted earlier, the argument is that the record itself shows a violation or a jurisdictional defect. So was that a correct disposition from the trial court? Well, I would clarify. I am not suggesting that the record shows a jurisdictional defect. No, the argument. I know that. I know what your argument is, but their argument is that the record itself shows a jurisdictional defect. Therefore, what's the need for affidavits? I think the trial court was correct in that the absence of the certificate does not show a lack of jurisdiction. To show a lack of jurisdiction, you need to actually affirmatively show that the mailing did not occur. So to establish for purposes of a 1401 petition that there was a lack of jurisdiction that would justify vacating. The argument from the defendants is that it's a statutory construction issue, really, that the language of the Act requires a certificate and an affidavit is not required. Because the record is incomplete, it needs to have the certificate in the record. That's the point. So dismissal for failure to file an affidavit. Unfortunately for the defendant's position, the Illinois Supreme Court has actually held it the contrary. There are a number of cases that address this point. Probably the most directly on point is Fitton v. Aylor. And in that case, like with the Thormeyer case, it didn't provide the exact text of the statute. The court held in Fitton v. Aylor that the statute did not require the filing of the certificate of mailing, but merely provided that the certificate would be evidence that the mailing occurred. And that's precisely what the language of the statute of Section 206 provides in this case. The certificate of mailing is evidence that the mailing occurred, but the filing of the certificate is not required by the statute. There's no subdivision of Section 206 that says, and the certificate must be filed. Like the defendants, you don't give us a citation. The actual citation is to the language at issue in Thormeyer or Aylor. I was not as able as your clerks to track down the specific language of Thormeyer, but we felt that Thormeyer is also irrelevant in any event. Well, you argue that Thormeyer is irrelevant because it was decided before the 1964 amendments to the Illinois Constitution, which changed the scope of subject matter jurisdiction, but the issue here is personal jurisdiction, correct? With respect to Thormeyer, under the special statutory jurisdiction, so there's sort of an overlap, strict compliance with including the service provisions. In a case arising under special statutory jurisdiction, the courts were required to have affirmative evidence on the record establishing proper service of process. That requirement, that standard has never applied to cases not arising under special statutory jurisdiction. That's such a sort of niche and highly technical and very precise area of jurisdiction. In cases that aren't arising under special statutory jurisdiction, there is no requirement that the evidence with respect to service be affirmatively shown on the record. The other distinction in Thormeyer is that that case was a direct appeal, not a collateral attack, and the standards with respect to a collateral attack on a trial court's judgment set a pretty high burden for the defendant. First, all presumptions are in favor of the validity of the trial court's judgment when it's attacked on collateral attack. Where the trial court has found jurisdiction based on publication, the Illinois Supreme Court has further held that it is presumed that the court had sufficient evidence before it to support that finding of jurisdiction. In fact, in both Reedy and Spring Creek, the Illinois Supreme Court said, even if the certificate of publication was defective for some reason, even if the certificate in the record itself was somehow defective, because that is not the only evidence that may be submitted to the court to establish jurisdiction, that defect would not be sufficient on collateral attack to defeat the trial court's finding that it had jurisdiction. The court presumes that the trial court must have considered some other evidence that would support its finding. How do you read Wilson? I'm sorry? How do you read Wilson? Wilson starts with the proposition that the mailing itself is a jurisdictional requirement. We don't dispute that, that the publication notice does have to be mailed. Wilson does not stand for the proposition that the certificate of mailing needs to be included in the record. In that case, the court simply found that the clerk had, in fact, failed to file or failed to mail the notice. It wasn't decided based on the absence of the certificate, but on the actual failure to mail the notice. You would agree that the language in Thormeyer, at least part of the language, is fairly specific. In fact, the clerk sent such notice, the defendants must affirmatively appear in the record. And that's a standard that has long applied in cases arising under special statutory jurisdiction. It does not apply in a case of general jurisdiction like this one. If the court has no further questions. Thank you. Mr. Gale. I probably don't have to tell you this, Mr. Gale, but you don't have to repeat arguments. I will do my best not to. And I trust that Your Honor and the other justices will let me know quickly if I do. Good morning. May it please the Court. One thing that we've not spoken much about so far this morning is the time lapse between the judgment of foreclosure, the confirmation of the sale, and the filing of this 1401 position. I think that that fact weighs heavily over most of the determinations that are important in this case. For example, to Justice Zenoff's question about isn't this now moot. Absolutely what we're talking about today is moot. And the reason for that is the property interest is now completely vested in the new purchasers, the Wisnowskis, I believe their name is. And that makes not only this moot because the whole point of the foreclosure was to divest the defendant, in the case below, of their interest in the property. In the amended 1401 petition that was filed on December 1st of 2017, they make very clear that they are not trying to get back from the Wisnowskis ownership of this property. My client, the trustee, has no ownership interest in this property. The defendant below, in trying to overturn the judgment, does not seek any property interest here today. Well, but she's referred to a claim against the bank? Right. What she would like to do is get a judgment that says the motion should be quashed and things shouldn't have started in the first place so that she can start an entirely new lawsuit. The danger behind that is because the statute does not affirmatively require the clerk to file this certificate of mailing, one would expect that many, many county clerks around the state of Illinois never filed a certificate of mailing. This would open a real Pandora's box where foreclosure defense lawyers, years and years after a foreclosure has been effected, and after the sale has been confirmed, and after the new property owners have completely established the right to live there through adverse possession, would now like to just open these judgments up. If they can prove a lack of jurisdiction, they can open it up any time they want. If they could. If they could prove a lack of jurisdiction. And that's why it's important that we all turn square. You're talking public policy issues right now. Right now the issue for us is whether or not the Act actually requires that the certificate be part of the record, which is defendant's contention, and they rely on form item for that proposition. They do make that contention, and they do rely on form item. And you do not contest the fact that the certificate from the clerk is not part of the record. The certificate from the clerk is not part of the record. That's absolutely true. Our argument is, I'm trying not to repeat the argument here, so I trust you'll cut me off if you think that I am. We do not believe that that is required based on the language of the statute, and none of the cases that are cited by the appellant in her briefs, nor any of the cases that she cited below, changes that. For example, the Wilson case that Justice Burke mentioned during my colleague's argument. There the court specifically found that the notice was not mailed. We don't know here whether the notice was mailed or not. We have no clue as to whether it was mailed or not. But eight years later, eight years after the foreclosure judgment is final, more than seven years after the sale has been confirmed, it becomes impossible to try to figure that out. We don't know whether the same people work in the clerk's office. Even if they did, how likely would it be that that person would remember in one specific foreclosure case, in the year of 2008, which was a very heavy period of time for foreclosure cases, they would remember whether or not that specific certificate had been sent out. No one could figure that out. No one would remember that eight years later. There's no way to know. It's not filed in the record, that certificate, but the statute does not require it to be. So does the time lapse bar their request? We think it does. So you're arguing latches. We are arguing latches, and that's certainly presented in our brief. And we meet both of the requirements for latches. There was an unreasonable period of time between when the foreclosure was final, when the sale was confirmed, and when ultimately they filed their Rule 1401 petition. They were no longer living in the property, but according to evidence in the record, and I'm talking about the affidavit from the process server. I believe her name is Eve Farmer. And if you'll hold for a moment, I can give you the record site of where she said this. At C-59 and 60, there are affidavits from the process server, Eve Farmer, where Eve Farmer says that she went to the property, had issued the property on which the foreclosure was affected, and found that it had been rented out. She also says later in another affidavit, that's at page 61, C-61, that she made six attempts to try to reach them at their new residence, which was in Oak Lawn, the property that issues in Oak Grove, Paris. And so they were renting the property out. Certainly at some point before eight years later, they stopped collecting rents  They bought the house and moved in. At some point, they had to be on some sort of notice that they no longer had their property interest, and they did nothing. They sat on their rights for years and years and years. So, was it an unreasonable delay? It certainly was. The second prong of latches is, did the parties change their position to their detriment based on the delay? Absolutely we did. We sold the property. We sold the property because we had a judgment of foreclosure. We had every right to sell that property, and the property was sold. And it wasn't until seven years later that they came back to try to unwind this. Really, the issue of latches, though, is one that probably would end up having to go back to the trial court for an evidentiary hearing. And a lot of things you're saying right now, really, I don't know if they're hearing the record necessarily. By the time we get to latches, we've already passed through several doors that we think the court should not. We don't think that it's required under 2206 that the certificate be filed. We think that under Rule 214.01, there should have been an affidavit, and there was not. We think that this argument is completely moot because there's no property interest yet to be divvied out. We think that there is no right to restitution, both because of the mootness and also because the foreclosure defendant, the appellant here, is no worse off than she was before the foreclosure in an economic sense because it was purchased at the foreclosure sale as a credit bid. The exact amount that was owed is what was paid for the property. Unless there are further questions. Thank you. Thank you. Ms. Sharif's rebuttal. Just a few points on rebuttal, Your Honors. So comes before the first plaintiff argued that strict compliance was only required for cases that fell under this special statutory jurisdiction. Every single case that deals with service by publication, it is the accepted, well-established rule of law that in order to establish service by publication, strict compliance with the statute requires service by publication. It's required every single case. There's Concordia v. Malaris, the same Ingrid McGriff. Every single case that deals with service by publication says that strict compliance is required. Can you address the argument just now that the record here, what we have, we don't have transcripts of the hearings on the motions for default, but there is the sheriff's affidavit, attempted service. There was publication. The only thing that's missing is the clerk's certificate, correct? That is correct, Judge. That's all. That is all that the petitioners are contesting that was missing in the case. And opposing counselors are making this rather strenuous distinction between the facts of this case and Ingrid's marriage with Wilson. And I have quoted directly from the record, the Ingrid marriage of Wilson case on page 887, where the court specifically noted that the basis for the respondent's motion was that no certificate of publication appeared in the record. That was exactly the issue before the court in Ingrid marriage of Wilson. And the court in that case found that service by publication was not affected because there was no evidence in the record that the clerk may have the notice of publication. In terms of plaintiff counsel just pointed out that in order to establish latches that you first have to establish that there was an unreasonable delay in the passage of time. This is contrary to our jurisprudence, which says in Peek v. Kasseberg, our Supreme Court, made clear that a challenge to a forward order occupies a rather unique place in our jurisprudence because to say that an order is void means that that order can be challenged into perpetuity. So the passage of time alone in and of itself cannot be a premise for a claim of latches. The second prong, plaintiff stated the second prong as whether or not the party has changed their position. But the second prong for the analysis under the latches test is whether or not the party asserting latches can establish that it has been the party's delay. Now this very same argument was raised before this very court in West Suburban Bank v. Advantage Financial Partners. And the court first noted that it was rather pure argument for the plaintiff to make that the passage of time had somehow defeated the defendant's claim because pointing to the general rule that these motions or petitions can be brought into perpetuity. And as to the claim of prejudice, the court noted that whereas if the plaintiff claims that it has been prejudiced because the property has now been transferred to a third party, the court in that case outright rejected that argument which was made by the plaintiff. That is the same argument the plaintiff is making now, that we are now going to be prejudiced because of our own wrong. This is a wrong that was caused because the plaintiff did not make sure that. Is this argument contained in your brief? These arguments were in the briefs below, but there was not a reply to the response brief, but just in response to the arguments that were raised by counsel here in appeal. But I believe the last argument is something that has been explored much in our jurisprudence, and it has the general rule of law is that it does not apply. Unless you can, the arguments fall under one of the exceptions where it's allowed custody, adoption, right, order of mineral cases. But there is never a case in these contexts where a lactate has been interposed to bar a claim that's been brought in, especially here where it is a parties who are already parties to the foreclosure who are making those arguments. Can you address the Eller case, People X Rel Fitton versus Eller? Which one of those cases? Eller, E-H-L-E-R. E-H-L-E-R. I believe I have that one in here. Well, that dealt with Section 3 of the Drainage Act. Section 3. Repeat that, Justice? Eller, E-H-L-E-R, 338-L-67, a 1929 Supreme Court case. It deals with parallel languages. It's very similar. Okay. Correct. Okay. The People versus Eller case. The pertinent part of that case says that the statute does not require the certificate of the publication or mailing to be filed, but only provides that the certificate of the clerk or affidavit of any other reputable person shall be sufficient evidence of the mailing. So it doesn't require the certificate to be filed, but just if it is filed, that's sufficient evidence of the mailing. Right. But I think also in the Eller case at the court, I think in its conclusion, I think the court said the finding of the court in its order of the posting, publication, and mailing of notices is sufficient, and such finding may be based on testimony heard in open court. So, again, the court in Eller was not saying that it is not required that there be some evidence in the record. It is just saying that it can be in other forms, but usually how it's done in order to establish that the notice was, in fact, mailed. Our position is there has to be, and I don't think this case says anything different, that there has to be something in the record that affirmative establishes. Which goes back to the FOUCH issue. We don't have a transcript of the hearings on the motion for default. And I do get that. You just said what Eller stands for, or testimony. Yes. And, again, but there are other, that is what this case stands for. But as I stated previously, there are other cases, just as the case in reminder of Wilson, which does not seem to have that specific requirement that, I mean, the fact that there is a navigation that there was not, that there's no evidence that the certificate of mailings in the record. The banks rely on that case as well as the other cases to point out that the certificate, while it is evidence, the lack of certificate is not evidence that that fact did not take place. The certificate was not mailed, or the notice was not mailed. That's the point. I understand the point. And, Judge, one of the cases that was pointed out in the, that the banks rely on is the Spiegel v. Carter case. The Spiegel v. Carter case could not be more distinguishable from the facts of this case. It had nothing to do with service by publication. The only issue before the court in that case was whether or not the defendant had established sufficient evidence that he'd mailed the notice, that he'd mailed a petition to quash to the state and under, as required by Rule 105B. And there was no statute, no rule in that case that required that the defendant actually file, like, a certificate of the return receipts when you send something by certified mail. That is just the court pointed out. That is something that the defendant does, whether or not he feels like doing it. The only thing that is required is a certificate from the person who mailed the notice or the petition to the state or to the respondent stating that he or she, in fact, mailed the petition. And there was, in that case, a certificate from the defendant stating that he, in fact, mailed the notice to the state. The state was not even contesting service in that case. So that case is highly distinguishable. Let me ask you something else that has been on my mind. The circuit court clerk is an elected official, and every deputy clerk is an elected official, a public official who takes an oath of office. Are you familiar with the presumption that public officials perform their duties according to their oath of office? I am. So we also have the presumption that the clerk mailed the certificate or mailed the notices because it's required by law. So the presumption exists that that actually took place. Right. But as I stated before. And the absence of a certificate does not mean that we do not honor the presumption. And as I stated before, Judge, because the plaintiff is the one who is relying on that judgment and it has chosen to choose a manner of service that the cases have pointed out is a rather extreme and unusual method of service. And in most instances, not only is it the least effective method of service, but in most cases it is no notice at all to the defendant, which is why strict compliance is required. But it's perfect service if you go out there eight times and try and serve the people and they're not there. I mean, you've got to move the case at some point. Right. I'm not saying you can't serve by publication. Just you have to follow the specific steps that are required. Thank you very much. Thanks, Your Honor. We thank all the parties and for your accommodating us today for the quality of your arguments as well. And the case will be taken under advisement. A written decision will be issued in due course. The Court stands in recess. Thank you very much.